Van Wyck, J.
This is an appeal from a judgment in favor of plaintiff against the defendant, on a promissory note. Defendant insists that the cause of action is barred *740 by the statute of limitations. Whether it is or not, is the only question submitted to our consideration.
_ The note fell due May 20, 1880, and the six years’ limitation for bringing an action on such cause of action expired May 20, 1886. Two days before this period expired, to wit, on May 18th, the summons was duly issued to the sheriff for service within sixty days from May 20th, to wit, on June 9th, the summons was served by substituted service by virtue of an order made pursuant to section 435 of the Code of Civil Procedure. Code Civil Procedure, section 399, provides that such issuing of the summons is equivalent to the commencement of the action within the meaning of the provisions of the Code, which limits the time for commencing actions. Provided such issuing of the summons shall be “followed within .sixty days after the expiration of the time limited for the actual commencement of the action, by personal service thereof, * * * or by the first publication of the summons.”
The summons in this case, was duly issued, but was not followed by such personal service of publication thereof, though it was duly served by substituted service pursuant to section 435 of the Code within the said sixty days. The spirit of the statute section 399 is that an honest effort to serve the summons through the sheriff before the statutory period of limitation has expired, if followed by service of summons within sixty days after such expiration, will save the cause of action from being barred. The letter of the law, if this alone is considered, is that such result will not be attained unless the summons shall be personally served or served by publication. Now can the spirit and letter of this statute be so reconciled as to include substituted service as well as personal service and service by publication?
In construing any part of a statute, the whole' must be considered; the different parts reflect light on each other, and if possible such construction is to be made, as will avoid inconsistency and subserve justice and the right.
It does not seem that the question involved on this appeal under section 399 has ever been considered in any reported case. But similar wording as to the service of summons will be found in section 638 of the Code of Civil Procedure, which enacts that a warrant of attachment may be granted to accompany the summons, provided that within thirty days thereafter the summons shall be personally served or publication thereof commenced.
The general term of the supreme court of the first department has decided that substituted service pursuant to section 435 will not sustain the warrant of attachment, though made within thirty days after the warrant was ■granted, but that to secure this end section 638 must be *741 strictly construed and the summons be either served personally or by publication. Bogart v. Swezey, 26 Hun, 468.
Like wording as to service will be found in section 1670, Code of Civil Procedure, which enacts that a Us pendens can be filed against real estate before service of summons; provided within sixty days after such filing, the summons shall be served either personally or by publication.
The general term of the supreme court for the second department, has held that the language of the last above section must be construed liberally and that the vitality of a lis pendens so filed and followed by substituted service of the summons within sixty days thereafter, will be preserved, though such service is not £'eo nomine” mentioned in section 1670. Terry v. Plummer, general term, second department, December, 1887.
Thus it will be seen that courts of equal standing and authority radically differ in their respective construction of the same terms found in sections 399, 638 and 1670.
The reasoning by which both courts reached their respective conclusions is not entirely satisfactory to us, though we lean more towards the liberal construction, and think additional reasons can be assigned, which will strongly tend to sustain that construction to which we will now refer.
The court of appeals has decided that personal appearance, thirty days after the attachment has been granted, will not keep alive the warrant of attachment. Blossom v. Estes, 84 N. Y., 615.
But that personal appearance, within thirty days after the attachment was granted, will uphold the validity and full force of the warrant, though the summons has not been served either personally or by publication. Because personal appearance is equivalent to personal service. Catlin v; Ricketts, 911 N. Y., 668, S. C. Reported in 27 Hun, 242.
It will be observed that our court of last resort in that case has determined that in reading section 638, after words “ personally served ” must be interpolated, the words “or personal appearance of defendant,” the equivalent of personal service. This being so, then after the words “publication of the summons,” must be interpolated the words “ or substituted service of the summons,” if such service is the equivalent of the former; and the same reasoning will apply to section 1670, in relation to the steps necessary to preserve the vitality of a lis pendens, filed before the summons has been actually served; and, also, to section 399, in relation to the steps necessary to save the cause from being barred; where the summons has not been actually served before the period of limitation applicable thereto has expired.
Is substituted service under section 435 equivalent .to either personal service,or service by publication?
*742 If it is, then the note was not barred. If it is not so, then the note was barred.
Substituted service was the creation of Laws 1853, chapter 511, and sections 435,436 and 437 of the Code embráceme provisions of that statute with a few modifications. The Law of 1853, in effect, declared substituted service to be the equivalent of personal service in enacting that on the former service such proceedings could be taken as if the summons had been personally served. Section 437 of the Code changes tiiis, and declares on substituted service the same proceedings can .be taken as if the service had been by publication. A comparison of these two statutes indicates that it was the intention of the law making power that substituted service should no longer be deemed the equivalent of personal service for the purpose of all proceedings in action as it had been under the law of 1853, but should be the equivalent, for the purpose of all proceedings in the action so commenced, of service by publication.
This view is strengthened by reference to the codifier’s, note to section 437, which announces that this change assimilates the result of substituted service to the results of service by publication. It is true that the word “equivalent ” is not used in section 437 in declaring the results of substituted service to be the same as the result of service by publication. But it distinctly pronounces these two methods of service equal in their force to sustain like proceedings in the action, in the expression “ on substituted service the same proceedings may be taken as if served by publication.” It is not disputed that the result of service of summons by publication, after effort to serve through the sheriff, would be to sustain the proceedings terminating in judgment in this action on this note, notwithstanding the six years limitation had expired. Why should not substituted service uphold the same proceedings so resulting in judgment when section 437 expressly declares that on such service “the same proceedings may be taken” as on service by publication. By such an interpretation the spirit and letter of section 399 are harmonized and a mere technicality in slavish adherence to the words of a single section, is not permitted to work a plain injustice. There is apparently no good cause, why the results of a substituted service should not operate in producing the same result as a service by publication would accomplish in defeating the plea of statute of limitations. In our opinion section 399 should be so read that an honest effort to serve the summons before the statute of limitation runs, will defeat the plea of the statute of limitation; provided such effort shall “be followed within sixty days after the expiration of the time limited for the actual commencement of the action by personal service thereof ” [or by its equivalent personal appearance], “or by publication of the summons ” [or by its equivalent substituted service] which *743 section 437 substantially pronounces an equivalent, when it is there declared that all proceedings can be had upon the one that can be had upon the other and that the one will uphold all the proceedings that the other will.
For these reasons the judgment and order appealed from must be affirmed with costs of the appeal and disbursements.
Osborne, J., concurs.